The document below is hereby signed.

Signed: March 11, 2019



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TADICH GRILL OF WASHINGTON DC LLC, | ) ) ) | Case No. 18-00079 (Chapter 7) |
| Debtor. | ) ) ) | |
| | ) | |
| WENDELL W. WEBSTER, CHAPTER 7 TRUSTEE FOR THE ESTATE OF TADICH GRILL OF WASHINGTON DC LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adversary Proceeding No. 18-10029 |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC, | ) ) ) | |
| Defendant. | ) | |

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS</u>

The chapter 7 trustee, Wendell W. Webster, in the underlying bankruptcy case, Case No. 18-00079, has brought this adversary proceeding seeking, pursuant to 11 U.S.C. § 547(b), to avoid prepetition transfers to the defendant, Republic National Distributing Company, LLC, as preferences, and seeking, pursuant to 11 U.S.C. § 550, a monetary judgment for the amount of the

avoided transfers, $11,741.73.  The defendant has moved to dismiss the complaint, contending that venue is improper under 28 U.S.C. § 1409(b) because the defendant is a noninsider, the defendant does not reside in this district, and the trustee seeks a recovery of less than $12,850.  I will deny the motion to dismiss for the following reasons.

I

The principal issue is whether a preference action is "a proceeding arising in or related to" the bankruptcy case within the meaning of § 1409(b).  This requires a consideration of the entirety of § 1409, which provides:

> (a) Except as otherwise provided in subsections (b) and (d), **a proceeding arising under title 11 or arising in or related to a case under title 11** may be commenced in the district court in which such case is pending.
>
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence **a proceeding arising in or related to such case** to recover a money judgment of or property worth less than $1,300 or a consumer debt of less than $19,250, or a debt (excluding a consumer debt) against a noninsider of less than $12,850, only in the district court for the district in which the defendant resides.
>
> (c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence **a proceeding arising in or related to such case** as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.
>
> (d) A trustee may commence **a proceeding arising**

>    **under title 11 or arising in or related to a case under title 11** based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.
>
>    (e) **A proceeding arising under title 11 or arising in or related to a case under title 11**, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.

[Emphasis added.]

An adversary proceeding to avoid a preference and to obtain a monetary judgment for the amount of the avoided preference is "a proceeding arising under title 11" as to which § 1409(a) applies unless the proceeding falls within an exception in § 1409(b).  However, there is a split of authority on whether § 1409(b), only applicable to "a proceeding arising in or related to" a case under title 11, applies to a proceeding "arising under title 11."

I agree with those decisions that conclude that § 1409(b) does not apply to a proceeding "arising under title 11."  *See Klein v. ODS Tech., LP (In re J & J Chemical, Inc.)*, Case No. 17-40037-JDP, Adv. Pro. No. 18-08029-JDP, 2019 WL 183516 (Bankr. D. Idaho Jan. 11, 2019);  *Redmond v. Gulf City Body & Trailer Works, Inc. (In re Sunbridge Capital, Inc.)*, 454 B.R. 166 (Bankr. D.

3

Kan. 2011); *Schwab v. Peddinghaus Corp. (In re Excel Storage Prods, L.P.)*, 458 B.R. 175 (Bankr. M.D. Pa. 2011); *Straffi v. Gilco World Wide Mkts. (In re Bamboo Abbott, Inc.)*, 458 B.R. 701 (Bankr. D.N.J. 2011); *Moyer v. Bank of Am. (In re Rosenberger)*, 400 B.R. 569 (Bankr. W.D. Mich. 2008); *Ehrlich v. Am. Express Travel Related Servs. Co. (In re Guilmette)*, 202 B.R. 9 (Bankr. N.D.N.Y. 1996); *Van Huffel Tube Corp. v. A & G Indus. (In re Van Huffel Tube Corp.)*, 71 B.R. 155 (N.D. Ohio 1987).  The terms "arising under title 11," "arising in a case under title 11," and "related to a case under title 11" describe different categories of proceedings for purposes of § 1409(a) and (b).

There are decisions that conclude that § 1409(b) applies to proceedings to avoid a transfer and to recover a judgment for the amount of the avoided transfer.  *See N1 Creditors' Trust v. Crown Packaging Corp. (In re Nukote Int'l, Inc.)*, 457 B.R. 668, 684 (Bankr. M.D. Tenn. 2011); *Dynamerica Mfg., LLC v. Johnson Oil Co., LLC (In re Dynamerica Mfg., LLC)*, Bankr. No. 08-11515, Adv. No. 10-50759, 2010 WL 1930269, at *3 (Bankr. D. Del. May 10, 2010); *Miller v. Hirn (In re Raymond)*, Bankr. No. 08–82033, Adv. Pro. No. 09–6177,  2009 WL 6498170, at *1 (Bankr. N.D. Ga. June 17, 2009); *Muskin, Inc. v. Strippit Inc. (In re Little Lake Indus., Inc.)*, 158 B.R. 478, 484 (9th Cir. BAP 1993).  However, as discussed below, the grounds advanced in support of that conclusion are unpersuasive.

    A.    The Issue of Whether the Omission of "Arising Under" Language in § 1409(b) Was Unintentional.

In *Dynamerica Manufacturing*, 2010 WL 1930269, at *3, the court concluded that the absence of "arising under" language in § 1409(b) was unintentional. I find that conclusion (which is not supported by the statute's ambiguous legislative history) as not warranting treating § 1409(b) as including "arising under" proceedings. *See J & J Chemical*, 2019 WL 183516 at *6-7 (applying *Lamie v. United States Trustee*, 540 U.S. 526 (2004), and *Russello v. United States*, 464 U.S. 16, 23 (1983), and rejecting the treatment of § 1409(b) as applicable to proceedings "arising under title 11" based on a conclusion that the omission of proceedings "arising under title 11" from § 1409(b) must have been inadvertent); *In re Rosenberger*, 400 B.R. at 573 (noting that under Supreme Court precedent, it "is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." (citing *In re Cormier*, 382, B.R. 377, 393-94 (Bankr. W.D. Mich. 2008)); *In re Guilmette*, 202 B.R. at 12-13.

With respect to the issue of inadvertent omission, it is worth noting that 28 U.S.C. § 1473 (1978), the original venue statute enacted as part of the Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 95 Stat. 2549 (1978), is evidence that perhaps Congress sometimes does inadvertently omit terms from a statute. Section 1473 provided in relevant part:

> (a) Except as provided in subsections (b) and (d) of this section, a proceeding **arising in or related to** a case under title 11 may be commenced in the bankruptcy court in which such case is pending.
>
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding **arising in or related to** such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

[Emphasis added.]  The grant of venue in § 1473(a) did not include proceedings "arising under title 11."[1]  It might have been argued that this was an apparent inadvertent omission and that the terms "arising in or related to" in that 1978 version of § 1473(a) (and necessarily in § 1473(b) as well) ought to be treated as including "arising under" proceedings which were part of the grant of jurisdiction in 28 U.S.C. § 1471 (1978).  However, § 1473 is not the venue statute currently in place.  The proper interpretation of "arising in or related to" in repealed § 1473(b) does not control the proper interpretation of "arising in or related to" in § 1409(b).

Significantly, when the venue provision was relocated to § 1409 in 1984 as part of the reaction to *Northern Pipeline*

---

[1]  In contrast, 28 U.S.C. § 1473(d) included proceedings "arising under title 11 . . . based on claims arising after the commencement of the case from the operation of the business of the debtor" as proceedings that had to be brought "only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought."

6

*Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), Congress added "arising under" proceedings to § 1409(a), the provision that provides generally for venue in the so-called "home court," and to § 1409(e), which sets forth an exception to venue under § 1409(a).[2] However, Congress did not add "arising under" proceedings to § 1409(b), the other provision setting forth an exception to § 1409(a). All subsequent versions of § 1409(b) have remained consistent in not including "arising under" proceedings. As noted in *In re Sunbridge Capital*, 454 B.R. at 172, "[t]he addition of 'arising under' to only two subsections of § 1409 lends support to the argument that the omission of 'arising under' in subsection (b) was intentional."[3]

    B.    The Issue of Whether "Arising In" Proceedings Include "Arising Under" Proceedings.

*Nukote International* and *Little Lake Industries* hold that the terms "arising under" and "arising in" in § 1409(b) were not meant to be mutually exclusive, with "arising in" proceedings being broad enough to include "arising under" proceedings. However, the omission of "arising under" in § 1409(b) must be

---

[2] In contrast, § 1473(a) and (e) had not included "arising under" proceedings.

[3] Congress did not add "arising under" proceedings to § 1409(c) (which remained identical to repealed § 1473(c)), but as discussed later, § 1409(c) does not place restrictions on venue under § 1409(a) and was intended to provide an alternate venue for certain proceedings, with the proper interpretation of § 1409(c) having no impact on the proper interpretation of § 1409(b) as a restriction on venue under § 1409(a).

viewed as intentional and purposeful. *See In re Rosenberger*, 400 B.R. at 573.

The terms "arising under" and "arising in" describe two different categories of proceedings. As explained in *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987):

> Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. . . . The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless would have no existence outside of the bankruptcy.

(Footnotes omitted.)

The obvious purpose for including "arising under" proceedings in § 1409(a) but not in § 1409(b) was to provide for venue over such proceedings in § 1409(a) and not to have § 1409(b) except such proceedings from § 1409(a). For the exclusion of "arising under" proceedings from § 1409(b) to have purpose, the reference in § 1409(b) to proceedings "arising in" the case must be viewed, consistent with *In re Wood*, 825 F.2d at 96-97, as limited to a residual category of proceedings, having an existence only because of the bankruptcy case and not based on title 11 causes of action (proceedings "arising under title 11").

Even if, out of the context of § 1409(a) and (b), a broad interpretation of "arising in" as including "arising under" claims would arguably be possible (as discussed in *Nukote*

8

*International*, 457 B.R. 669-72, and *Little Lake Industries*, 158 B.R at 482), the inclusion of "arising under" proceedings in § 1409(a) (which would have been unnecessary if "arising in" proceedings included "arising under" proceedings) requires rejection of that interpretation of "arising in" in § 1409(b).

    C.    The Effect of the Failure of 28 U.S.C. § 1409(c) to Include "Arising Under" Proceedings.

Like paragraph (a) of § 1409, paragraphs (d) and (e) of § 1409 also include "a proceeding arising under title 11" as being a proceeding to which those paragraphs apply. Paragraph (c) of § 1409 does not. Section 1409(c) provides:

> Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

Section 1409(c) provides an additional venue for pursuing proceedings specified therein, and is not a limitation on a trustee's authority to sue in the "home court" as provided by § 1409(a). Subsection (c) includes "a proceeding arising in or related to such case . . . under section 541 or 544(b) of title 11 . . . ." A proceeding under 11 U.S.C. § 544(b) clearly arises under title 11. Some courts reason that § 1409(c) would be inapplicable to any proceeding under § 544(b) unless "arising in"

9

proceedings include "arising under" proceedings, and that, to avoid that result, "arising in" proceedings in § 1409(c) must be interpreted as including "arising under" proceedings. These courts extend that interpretation to apply to "arising in" proceedings in § 1409(b) as well. *See Raymond*, 2009 WL 6498170, at *2; *Little Lake Industries*, 158 B.R. at 483.

Nevertheless, the inclusion of "arising under" proceedings in § 1409(a) but not in the restrictions of § 1409(b) on venue under § 1409(a) requires treating "arising under" proceedings for which venue is proper under § 1409(a) as not subject to § 1409(b). That conclusion is not altered by the language of § 1409(c), which, unlike § 1409(b), is not an exception to § 1409(a). Moreover, § 1409(c) does not provide an exclusive venue for the claims it specifies, but instead was intended to provide an alternative venue for certain claims described in § 1409(a). The important focus for purposes of the issue this decision addresses is on a comparison of § 1409(a) and the exceptions thereto contained in § 1409(b).

My analysis is not altered by the possibility that the language "arising in" in § 1409(c) might be viewed as including the § 544(b) proceedings it specifies (proceedings that "arise under" title 11). Correcting the oversight of not including "arising under" proceedings in allowing an alternative venue choice for § 544(b) proceedings hardly shows that the deliberate

inclusion of "arising under" proceedings in § 1409(a) but not in § 1409(b) was not meant to have consequences. Whatever is the proper interpretation of § 1409(c), which is not the issue before the court in this adversary proceeding, will not alter the conclusion that § 1409(b) does not apply to avoidance proceedings such as this adversary proceeding. *See J & J Chemical, Inc.*, 2019 WL 183516, *3.

## II

Section 1409(b) would produce odd results if it includes proceedings "arising under title 11." Section 1409(b) only applies in three types of proceedings:

> (1) "a proceeding . . . to recover a money judgment of or property worth less than $1,300";
>
> (2) "a proceeding . . . to recover . . . a consumer debt of less than $19,250"; and
>
> (3) "a proceeding . . . to recover . . . a debt (excluding a consumer debt) against a noninsider of less than $12,850 . . . ."

Sometimes a trustee brings a proceeding only to avoid a transfer and not to recover a debt, money judgment, or property. For example, a trustee might bring a proceeding to avoid as preferential the prepetition grant of a security interest on tangible personal property that the trustee possesses. Once the lien is avoided, the trustee does not need to recover a monetary

11

amount, nor does the trustee need to recover the property (which the trustee already possesses). An avoidance proceeding is not, within the meaning of § 1409(b), a proceeding to recover a debt, money judgment, or property. It follows that a trustee can always sue in the "home court" of the case under § 1409(a) to avoid a transfer without running afoul of § 1409(b). *See* Byron C. Starcher, *Second Thoughts on "Home Court Advantage" for Small-Dollar Preference Defendants*, 25-MAR Am. Bankr. Inst. J. 10, 52 (2006) (stating that "a court cannot plausibly extend § 1409(b) to avoidance actions under § 547(b).").

When a trustee is entitled to avoid a transfer and also is entitled to recover a judgment once the transfer is avoided, § 1409(b) does not bar the trustee's suing to avoid the transfer in the "home court" as the proper venue under § 1409(a). However, if the "arising in" language in § 1409(b) includes a proceeding "arising under" title 11 to recover a money judgment, then a trustee, upon avoiding a transfer in the "home court" as a proper venue under § 1409(a), could nevertheless be barred by § 1409(b) from using the "home court" as the proper venue for recovering a judgment for the amount of the avoided transfer. The avoidance of the transfer is usually the more difficult step a trustee must pursue in the two-step process of first avoiding a transfer and only then recovering a monetary judgment for the amount of the transfer. It would be odd if, as allowed by

§ 1409(a), a trustee is entitled to sue the transferee in the "home court" to avoid the transfer and put the transferee to the burden of defending in the "home court" against avoidance of the transfer, but § 1409(b) (if it is interpreted as being applicable to "arising under" proceedings) could require the trustee, upon avoiding the transfer, to sue the transferee elsewhere to recover a monetary judgment for the amount of the avoided transfer. That odd result makes it doubtful that Congress intended to have "arising in" proceedings to which § 1409(b) applies include "arising under" proceedings.

Another odd result is that if § 1409(b) is interpreted as applying to "arising under" proceedings, a trustee could be barred by § 1409(b) from suing in the "home court" to make a recovery, *pursuant to the trustee's recovery powers*, of an avoided transfer but § 1409(b) would not bar a debtor's suing in the "home court" under 11 U.S.C. § 522(h) and (i) to avoid the same transfer and to recover, *pursuant to the trustee's recovery powers*, the amount of the transfer. When a trustee decides not to attempt to avoid an avoidable transfer, an individual debtor may be able to avoid the transfer under 11 U.S.C. § 522(h) by invoking the trustee's power to avoid the transfer and then proceed under 11 U.S.C. § 522(i) to recover a judgment for the amount of the avoided transfer by invoking the trustee's power to make such a recovery. Section 1409(b) applies only to

proceedings brought by a trustee, and thus does not apply to proceedings brought by a debtor.  Section 1409(b) plainly would never bar the debtor's suing under § 1409(a) in the "home court" both to avoid a transfer and to recover the amount of the transfer.  It seems odd that § 1409(b) could be interpreted as barring a trustee from suing in the "home court" to recover the amount of an avoided transfer but if the trustee decides not to pursue avoidance of the transfer, § 1409(b) would *not* bar the debtor from suing in the "home court" both to avoid the transfer under § 522(h), and, *pursuant to the trustee's recovery powers*, to recover the amount of the avoided transfer under § 522(i). That odd result is avoided when § 1409(b) is interpreted as being inapplicable to "arising under" proceedings.

                                III
    For all of the foregoing reasons, it is
    ORDERED that the motion to dismiss this adversary proceeding is DENIED.

                                            [Signed and dated above.]
Copies to: E-recipients.

R:\Common\Tee1SMT\Judge Teep Docs\Webster v. Republic National - Decision re MTD_v16.wpd